**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KARIM FAZUL, AKA Ahmedur Reza Chowdhury, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | Nos. 07-74965 <br> 08-75083 <br><br> Agency No. A070-172-690 <br><br><br> MEMORANDUM* |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted July 21, 2015**

Before:     CANBY, BEA, and MURGUIA, Circuit Judges.

In these consolidated petitions for review, Karim Fazul, a native and citizen

of Bangladesh, petitions for review of the Board of Immigration Appeals' orders

dismissing his appeal from an immigration judge's order denying his motion to

reopen his deportation proceedings conducted in absentia, and denying his second

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petitions for review.

The agency did not abuse its discretion in denying Fazul's 2006 motion to reopen and rescind his 1993 in absentia deportation order for failure to establish lack of notice or exceptional circumstances excusing his failure to appear. *See* 8 U.S.C. § 1252b(c)(3) (1993). The record establishes that Fazul received notice of the 1993 hearing, and he stated that he did not appear because he had provided a false name to immigration officials and was scared. To the extent that Fazul now contends he did not receive adequate notice in his native language of the consequences of failing to appear, he failed to exhaust this contention in his 2006 motion. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (holding that 8 U.S.C. § 1252(d)(1) mandates exhaustion and bars this court from reaching the merits of a legal claim not presented in administrative proceedings).

The agency did not abuse its discretion in denying Fazul's 2008 motion to reopen deportation proceedings, where Fazul admitted he received notice and there was no statutory or regulatory requirement that notice be provided in his native language. *See* 8 U.S.C. § 1252b(a)(3) (1993). As to his motion to reopen to apply

for relief, even if Fazul was not properly notified in his native language of the specific consequences of failing to appear, the BIA did not abuse its discretion in denying his motion as untimely where it was filed more than eleven years after the September 30, 1996, deadline. *See* 8 C.F.R. § 1003.2(c)(2) (a motion to reopen deportation or exclusion proceedings must be filed no later than 90 days after a final order or on or before September 30, 1996, whichever is later); *Matter of M-S-*, 22 I. & N. Dec. 349, 356-57 (BIA 1998) (a motion to reopen in absentia proceeding to apply for new relief is subject to requirements of 8 C.F.R. § 1003.2(c)).

With regard to both motions, Fazul failed to exhaust his contention regarding the right to counsel. *See Barron*, 358 F.3d at 678.

We do not agree that the denial of Fazul's motions to reopen will lead to the "unconscionable result" of the removal of an individual with an obviously valid claim for relief. *Cf. Singh v. INS*, 295 F.3d 1037, 1040 (9th Cir. 2002).

**PETITIONS FOR REVIEW DENIED in part; DISMISSED in part.**